IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-151

 No. 333A21

 Filed 17 December 2021

 IN THE MATTER OF: J.I.T.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 18

 March 2021 by Judge Ellen Shelley in District Court, Rutherford County. This

 matter was calendared for argument in the Supreme Court on 6 December 2021 but

 was determined on the record and briefs without oral argument pursuant to Rule

 30(f) of the North Carolina Rules of Appellate Procedure.

 W. Martin Jarrad, for petitioner-mother.

 Edward Eldred, for respondent-appellant.

 BERGER, Justice.

¶1 Respondent, the father of J.I.T. (Joe),1 appeals from the trial court’s order

 terminating his parental rights. Respondent’s counsel filed a no-merit brief pursuant

 to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. After review, we

 conclude the purported issues addressed by counsel in support of the appeal are

 meritless and therefore affirm the trial court’s order.

 1 A pseudonym is used in this opinion to protect the identity of the juvenile and for

 ease of reading.
 IN RE J.I.T.

 2021-NCSC-151

 Opinion of the Court

¶2 Joe was born on April 22, 2012. Joe’s mother filed a petition to terminate

 respondent’s parental rights on June 1, 2020, alleging as grounds for termination that

 respondent willfully abandoned Joe and willfully failed to pay costs of his care and

 maintenance. A hearing on the petition to terminate parental rights was held on

 March 8, 2021. Respondent failed to appear at the hearing. Respondent’s counsel

 moved to continue the hearing, which the trial court denied.

¶3 Based upon the evidence presented at the hearing, the trial court made the

 following findings of fact:

 6. The Respondent had sporadic contact with the minor
 child prior to the ending of the relationship between the
 Petitioner and the Respondent when the minor child was
 seven months old. Since that time, the only contact the
 Respondent had with the minor child consisted of the
 Respondent attending the minor child’s second birthday
 and spending approximately and [sic] hour with the minor
 child and the Petitioner at a park when the minor child was
 two years old. Since that time, and prior to the filing of the
 petition in this matter, the Respondent has been in the
 presence of the minor child in public settings, once even
 passing by the minor child and the Petitioner on the same
 aisle at Wal Mart [sic], and during none of these times in a
 public setting did the Respondent ever make any attempt
 at communication with the minor child or even
 acknowledge him. The Respondent has never established a
 parent-child relationship with the minor child, or any
 emotional bond.

 7. At the time of the filing of this action, the Respondent
 had willfully abandoned the juvenile for at least six
 consecutive months immediately preceding the filing of
 this petition.
 IN RE J.I.T.

 2021-NCSC-151

 Opinion of the Court

 8. The Respondent was ordered to pay for the support of
 the minor child in Rutherford County file number 13 CVD
 222. For a period of one year or more next preceding the
 filing of the Petition in this matter, the Respondent has
 willfully failed without justification to pay for the care,
 support, and education of the minor child as required by
 the above-referenced child support order. Specifically, as of
 the date of this order, the last child support payment made
 by the Respondent for the support of the minor child was
 in the amount of $18.29 on March 13, 2019.

 9. The Respondent father has willfully abandoned the
 minor child for at least six consecutive months
 immediately preceding the filing of this action.

 10. Pursuant to N.C. Gen. Stat. §§ 7B-1111(4), and (7), the
 foregoing facts support and justify the termination of
 Respondent’s parental rights.

 The trial court concluded that termination was in Joe’s best interests. Respondent

 appeals.

¶4 Respondent’s appellate counsel states that he has reviewed the record and

 discussed the case with the Office of the Parent Defender. Counsel could not identify

 a meritorious issue for appeal, and he subsequently filed a no-merit brief on

 respondent’s behalf under Rule 3.1(e) of the Rules of Appellate Procedure.

¶5 Counsel for respondent identified three issues that could arguably support an

 appeal here. Counsel states that the trial court’s finding of willful abandonment was

 not supported by the evidence. Counsel acknowledges, however, that the issue lacks

 merit because the independent finding of willful failure to pay child support is
 IN RE J.I.T.

 2021-NCSC-151

 Opinion of the Court

 evidence which supports a finding justifying termination of parental rights. Second,

 counsel also asserts that another issue on appeal could be that the trial court abused

 its discretion when it denied counsel’s motion to continue. Regarding this issue,

 counsel acknowledges, however, that respondent failed to preserve any argument

 related to lack of notice and the denial of the motion to continue. Finally, counsel

 states that respondent may have an argument related to ineffective assistance of

 counsel, but that, in his opinion, this issue likewise lacks merit. Counsel concedes

 that respondent “cannot show a probability of a different result given [the] testimony

 concerning the status of [respondent]’s child support payments.”

¶6 Counsel has advised respondent and provided him with the documents

 necessary to pursue his appeal. Respondent was appropriately notified of his right

 to file pro se written arguments on his own behalf pursuant to Rule 3.1(e) and he has

 failed to file a brief or any additional documents with this Court.

¶7 This Court conducts an independent review of issues identified by respondent’s

 counsel in a no-merit brief filed under Rule 3.1(e). In re L.E.M., 372 N.C. 396, 402,

 831 S.E.2d 341, 345 (2019). We have carefully reviewed the issues identified by

 counsel in the no-merit brief in light of the entire record. We are satisfied that the

 trial court’s order terminating respondent’s parental rights was supported by clear,

 cogent, and convincing evidence and based upon proper legal grounds. Accordingly,

 we affirm the trial court’s order terminating respondent’s parental rights.
 IN RE J.I.T.

 2021-NCSC-151

 Opinion of the Court

AFFIRMED.